Case 1:26-cv-00184   Document 7   Filed 02/24/26 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
February 24, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAJPAL S.[1], | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:26-cv-184 |
| | § | |
| SARA SALINAS, *as Lieutenant,* | § | |
| *Port Isabel Detention Center*, | § | |
|     Respondent. | § | |

## ORDER

    Petitioner Rajpal S. is currently detained by Immigration and Customs Enforcement at the Port Isabel Detention Facility in Cameron County, Texas. Dkt. No. 1. Rajpal S.'s daughter, Lena S., filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, on his behalf. Dkt. No. 1 at 14,

    Federal law provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. This statute "guarantees parties the right to proceed pro se in federal court[.]" *Raskin on behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 282 (5th Cir. 2023). In other words, "a party can represent himself or be represented by an attorney." *Gonzalez v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998). Section 1654, however, does not permit a party to be "'represented by a nonlawyer,' [ ] because the statute does not include the phrase, 'or by a nonlawyer.'" *Raskin*, 69 F.4th at 283 (quoting *Gonzalez*, 157 F.3d at 1021)). "Accordingly, for a person to invoke § 1654, the only requirement is that the case he seeks to prosecute must belong to him." *Raskin*, 69 F.4th at 283.

    Federal Rule of Civil Procedure 17(c)(2) enables a non-lawyer to litigate as a next friend on behalf of a "minor or incompetent person[.]" "Individuals are incompetent for Rule 17 purposes if they lack the capacity to litigate under the law of their domicile." *Magallon v. Livingston*, 453 F.3d 268, 271 (5th Cir. 2006) (cleaned up) (citing *Thomas v. Humfield*, 916 F.2d

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

1032, 1034 (5th Cir. 1990)).

The records submitted by Lena S. indicate that the Petitioner lived in New York prior to being detained, making the state his domicile (Dkt. No. 1 at 10). *See Moler v. Wells*, 18 F.4th 162, 166 (5th Cir. 2021) ("[A}n incarcerated person resides in the district where he was legally domiciled before his incarceration."). Under New York law, a person is considered incompetent if that "person [is] judicially declared to be incompetent . . . or if he is an adult incapable of adequately prosecuting or defending his rights." NY CLS CPLR § 1201.

The Petition contains no allegations reflecting that Petitioner is incapable of properly caring for his own interests.

Accordingly, it is: **ORDERED** that **by no later than March 10, 2026**, Petitioner Rajpal S. and/or Lena S. shall file a Statement with the Court showing cause why Lena S. can serve as a next friend for the Petitioner and represent Petitioner in this matter.

If no Statement is filed or if the Court determines that the Statement does not meet the requirements of Federal Rule of Civil Procedure 17, the Court may dismiss the case without prejudice.

The Clerk of Court shall transmit a copy of this Order to the Petitioner and to Lena S. at 3 Bancroft Avenue, Staten Island, New York 10306.

Signed on February 24, 2026.

*Karen Betancourt*
Karen Betancourt
United States Magistrate Judge