United States District Court
Southern District of Texas

**ENTERED**

March 11, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAJPAL S.[1], | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:26-cv-184 |
| | § | |
| SARA SALINAS, *as Lieutenant,* | § | |
| *Port Isabel Detention Center*, | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DISMISS
HABEAS PETITION SUBJECT TO REFILING**

### I.    Synopsis

Petitioner Rajpal S. is currently detained by Immigration and Customs Enforcement at the Port Isabel Detention Facility in Cameron County, Texas. Dkt. No. 1. Rajpal S.'s daughter, Lena S., filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, on his behalf. Dkt. No. 1 at 14.

On February 24, 2026, the Court issued an order requiring Petitioner Rajpal S. and/or Lena S. to file a statement with the Court to show cause why Lena S. can serve as a next friend for the Petitioner and represent Petitioner in this matter. Dkt. No. 7. Petitioner Rajpal S. filed a timely response to the Court's order. Dkt. No. 9. Because Petitioner's statement to the Court does not demonstrate that he is incompetent for Rule 17 purposes, it is recommended the Court dismiss the case without prejudice.

### II.    Applicable Law

Federal law provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. This statute "guarantees parties the right to proceed pro se in federal court[.]" *Raskin on behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 282 (5th Cir. 2023). In other words, "a party can represent himself or be

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

represented by an attorney." *Gonzalez v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998). Section 1654, however, does not permit a party to be "'represented by a nonlawyer,' [ ] because the statute does not include the phrase, 'or by a nonlawyer.'" *Raskin*, 69 F.4th at 283 (quoting *Gonzalez*, 157 F.3d at 1021)). "Accordingly, for a person to invoke § 1654, the only requirement is that the case he seeks to prosecute must belong to him." *Raskin*, 69 F.4th at 283.

Federal Rule of Civil Procedure 17(c)(2) enables a non-lawyer to litigate as a next friend on behalf of a "minor or incompetent person[.]" "Individuals are incompetent for Rule 17 purposes if they lack the capacity to litigate under the law of their domicile." *Magallon v. Livingston*, 453 F.3d 268, 271 (5th Cir. 2006) (cleaned up) (citing *Thomas v. Humfield*, 916 F.2d 1032, 1034 (5th Cir. 1990)).

The records submitted by Lena S. indicate that the Petitioner lived in New York prior to being detained, making the state his domicile (Dkt. No. 1 at 10). *See Moler v. Wells*, 18 F.4th 162, 166 (5th Cir. 2021) ("[A}n incarcerated person resides in the district where he was legally domiciled before his incarceration."). Under New York law, a person is considered incompetent if that "person [is] judicially declared to be incompetent . . . or if he is an adult incapable of adequately prosecuting or defending his rights." N.Y. CIV. PRAC. LAW & RULES § 1201. A federal district court in New York further elaborated on the definition of incapacity under New York law.

> Because no detailed definition of incapacity is set forth in N.Y. CIV. PRAC. LAW & RULES § 1201, it has been held that it is appropriate to utilize the definition of incapacity in the criminal rules. *See Matter of Vance A.*, 105 Misc.2d 254, 432 N.Y.S.2d 137, 146 (N.Y.Fam.Ct.1980). Under N.Y. CRIM. PROC. LAW § 730.10 a defendant in a criminal case is incapacitated from standing trial if he "lacks capacity to understand the proceedings against him or to assist in his own defense." This is also the federal standard. *Godinez v. Moran*, 509 U.S. 389, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993) (standard for competency to plead guilty or waive civil rights is the same as the test for competency to stand trial).

*Makas v. Holanchock*, 2007 WL 1651830, at *4 (N.D.N.Y. June 7, 2007).

### III.   Analysis

In Petitioner Rajpal S.'s statement to the Court, Petitioner states that Lena S. is his biological daughter and that she represents him with his full knowledge and approval. Dkt. No. 9 at 1. Petitioner presents a few different reasons why Lena S. is representing him as his next friend.,

including the mental toll of being in detention, competency in English, access to resources, and access to a lawyer.[2] *Id.*

However, Petitioner does not allege that his is incompetent under the law of his domicile. Petitioner does not present any evidence nor allege that he has previously been declared judicially incompetent. N.Y. CIV. PRAC. LAW & RULES § 1201. Additionally, Petitioner does not present any reason why he lacks the capacity to understand the proceedings against him or to assist in his own defense. *Makas v. Holanchock*, 2007 WL 1651830, at *4. The Court's review of Petitioner's statement finds no indication that Petitioner lacks the capacity to understand the proceedings of his habeas suit. Petitioner expresses concern that the mental toll of detention may cause one to "take wrong actions and make wrong decisions," but this possibility alone does not establish that he cannot assist in his own defense.

Although the Court is sympathetic to Petitioner's challenges, the Court cannot conclude that Petitioner Rajpal S. is incompetent for Rule 17 purposes. For this reason, the Court finds it cannot recommend allowing Lena S., a non-lawyer, to litigate the case on Petitioner Rajpal S.'s behalf.

## IV.    Recommendation

It is recommended that the Court DISMISS the instance case without prejudice to refiling.

## V.    Notice to the Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to this case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and

---

[2] The Court notes that those proceeding *pro se*, without a legal representative, receive the benefit of liberal construction of their claims. *See Kaltenbach v. Richards*, 464 F.3d 524, 527 (5th Cir. 2006). However, *pro se* pleadings must still contain sufficient facts to support their claims, and the plaintiff is still required to "fundamentally abide by the rules that govern the federal courts." *United States v. Pineda*, 988 F.2d 22,23 (5th Cir. 1993); *Fryer v. United States*, 2020 WL 6588396, at*3 (W.D. Tex. July 20, 2020) (quoting *E.E.O.C. v. Simbaki, Ltd.,* 767 F.3d 475, 484 (5th Cir. 2014)).

Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on March 11, 2026.

Karen Betancourt
United States Magistrate Judge